UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


BENNIE FRANK CALLOWAY,                     )
A.K.A. BOBBY BEASLEY, BENNY LNU,           )
AND BOBBY BILUSE                           )
                                           )    1:06-cv-17/1:99-cr-57
v.                                         )    *Chief Judge Curtis L. Collier*
                                           )
 UNITED STATES OF AMERICA                  )


**MEMORANDUM**


Defendant Bennie Frank Calloway ("Calloway") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File No. 1).  Calloway pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846.  Calloway was sentenced to 262 months incarceration.  Calloway pursued a direct appeal from the judgment of conviction.  The United States Supreme Court denied certiorari on June 21, 2004.  Calloway claims his sentence violates his Sixth Amendment right to a jury trial "because his sentence was imposed for a drug quantity not admitted to, nor proven by a jury."  Additionally, Calloway claims his Fifth Amendment right was violated because the drug quantity was not included in the indictment.  Finally, Calloway claims his prior convictions should not have been used to support his status as a career offender.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.  Calloway was sentenced to a term of imprisonment for 262 months on December 10, 1999.  Calloway's judgment was entered on December 16, 1999. Calloway pursued a direct appeal.  The United States Court of Appeals for the Sixth Circuit affirmed his judgment on July 23, 2001, and the Supreme Court of the United States denied certiorari on June 21, 2004.  "For the purposes of the limitations period of

§ 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. The United States Supreme Court disposed of Calloway's case on June 21, 2004. Therefore, Calloway's judgment became final on that date. The one-year statute of limitations for filing a § 2255 motion began to run on June 22, 2004, and expired June 21, 2005.

It appears Calloway's § 2255 motion was delivered to prison authorities on January 12, 2006. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. Therefore, Calloway's motion is treated as filed on January 12, 2006.

Calloway's judgment of conviction became final on June 21, 2004, when the Supreme Court denied review. Consequently, using the date of June 22, 2004, as the starting point for determining when Calloway's judgment became final and the statute of limitations began to run, Calloway's motion is untimely. The one year statute of limitations under § 2255 expired on June 21, 2005. Since Calloway's § 2255 motion was filed on January 12, 2006, it is untimely.

Accordingly, Calloway's § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** (Court File No. 1).

An appropriate final order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**